writ to the plaintiff, produces no evil, and is always in the power of the defendant to regard and obey.

It may, also, be observed, that no issue could be so joined on the averments in the plea, as to help out the defects, or enable the plaintiffs to meet the evidence in their support.

Neither the nature of the case, nor the circumstances disclosed on the record, appear sufficient to constitute an exception to the general rule, that a plea of *other parceners, not joined in the suit*, must contain such a description of them, as both to enable the plaintiff to meet the allegation, and to make a better writ. And we apprehend, that our practice, in all analagous cases, would be shaken, by a contrary determination.

# Eastman *v.* Chapman.

### In the Court below,

DAVID CHAPMAN, *Plaintiff*; MARY EASTMAN and BENJAMIN BOSWORTH, Administrators of *Ebenezer Eastman*, deceased, *Defendants*.

A covenant, in an indenture of general apprenticeship, whereby the master binds himself, and his administrators, to provide meat and drink for the apprentice, extends to the administrators.

Where several breaches are alleged, and a discharge pleaded as to part, and issue taken as to the residue, and a general verdict for the plaintiff, the Court will presume the verdict to have been for such breaches only, as were not covered by the special plea.

THIS was an action, brought on the covenants, in an indenture of apprenticeship, by which the intestate of the defendants, on his part, bound himself and *his administrators*, to furnish the apprentice with meat, drink, lodging, cloathing, &c. till he should arrive to the age of twenty one years. The suit was commenced in August, 1798.

1802.

Eastman
*v.*
Chapman.

The defendants pleaded, as to any breach that happened in the life-time of the deceased, a written discharge from the plaintiff, dated the 3d of March, 1797, of all demands against the *estate* of the deceased to that time : And as to the residue, they pleaded *not guilty.*

A demurrer was taken to the plea in bar ; and it was adjudged sufficient. Issue was taken on the plea of not guilty ; and a general verdict was found, that the defendants were guilty, *in manner and form, as the plaintiff, in his declaration, had alleged.* Damages were assessed. The defendants filed a motion in arrest, which was adjudged insufficient.

In the writ of error, the general error was assigned.

*Edwards,* (of New-Haven) for the plaintiffs in error, contended,

1. That the declaration is insufficient, for that the covenant, in this case, is personal. When an apprentice is bound, the parent or guardian *confides* in the master himself, and cannot be supposed to bind the apprentice to the master's executors or administrators. The apprentice, therefore, on the death of the master, becomes discharged, and, of course, the apprenticeship is at an end. He cited, in proof of this position, *King and Queen* v. *Prat,* (a) *King* v. *Peck,* (b) and *Baxter* v. *Benfield.* (c)

2. That the discharge of all demands against the *estate* of the deceased, must be a bar to the whole claim of the

(a) 12 *Mod.* 27.        (b) 1 *Salk.* 66.
(c) 2 *Stra.* 1266. See 3 *Bac. Abr.* 555, 6, 7.

1802.

EASTMAN
*v.*
CHAPMAN.

plaintiff, as the defendants were liable only as adminis-trators, so far as they had estate of the deceased.

3. That the verdict, being general, covers all the breaches ; and, therefore, the jury may have assessed damages for the breaches, for which a discharge was given.

*Backus*, (of Pomfret) for the defendant in error, ar-gued, that the deceased bound himself, and *his adminis-trators*, to provide meat, &c. ; that this covenant would hold the administrators, as long as they had the estate of the deceased ; and that, though where an apprentice was bound to learn a *particular trade*, or *mystery*, the death of the master should dissolve the contract, yet, in this case, the apprenticeship was general. No art, or trade, was contemplated ; and, therefore, the covenant continued. (*d*) This covenant being to find meat, drink, &c. the administrators are liable, as though the deceas-ed had thus bound himself to provide for any other pur-pose.

As to the third point, he contended, that the Court ought now to presume, that the jury found damages on-ly for the breaches not covered by the special plea.

THE COURT affirmed the judgment. DAGGETT and SMITH, *Asts.* excused themselves from judging, on the ground of their being counsel in such a case, at *Fairfield*,

(*d*) 4 *Bac. Abr.* 579. 3 *Bac. Abr.* 95, 6. *Sid.* 215. *pl.* 21.